UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------x

GEURYS SOSA,

                              Plaintiff,

      -against-

DENNIS BUSTOS, RICHARD BROWN,
ROBERT STRELL, JOHN SPROULE, WILLIAM
GEIMANO, SEAN BREW, FRANK HERNANDEZ,
FRANK FELICIANO, FERNANDO GUIMARAES,
NELSON PABON, WILLIAM LOGAN,
and CITY OF NEW YORK,

                              Defendants.

------------------------------------------------------------------x

Civ. Case No.:
17-CV-417 (ER)

<u>AMENDED COMPLAINT</u>
(JURY TRIAL REQUESTED)

      Plaintiff, GEURYS SOSA ("SOSA") complaining of the defendants DENNIS BUSTOS, RICHARD BROWN, ROBERT STRELL, JOHN SPROULE, WILLIAM GEIMANO, SEAN BREW, FRANK HERNANDEZ, FRANK FELICIANO, FERNANDO GUIMARAES, NELSON PABON, WILLIAM LOGAN, and CITY OF NEW YORK herein, by and through his attorneys SIEGLE & SIMS L.L.P., as and for his Amended Complaint, alleges the following upon information and belief:

## **INTRODUCTION**

      1. On or about January 27, 2016, at approximately 4:00 p.m., plaintiff SOSA was in the kitchen of his residence at 910 Riverside Drive, Apt. 6H, New York, New York, when the individual defendants, federal agents acting under color of federal law, and members of the New York City Police Department operating under color of state law and employed by defendant CITY OF NEW YORK ("CITY"), entered plaintiff's residence pursuant to a search warrant. One of the individual defendants approached SOSA, and without cause, struck SOSA repeatedly

in the head with a firearm causing SOSA to lose consciousness and fall to the floor. As a result of being repeatedly struck in the head with a firearm, SOSA sustained serious physical and emotional injuries including, but not limited to a fractured skull.

2. Upon information and belief, the source thereof being the United States Attorney's Office disclosure dated May 28, 2019, and The City of New York, Law Department's disclosure dated June 11, 2019, the individual defendants were the only law enforcement personnel that entered plaintiff's residence and/or were present in plaintiff's apartment building at the time plaintiff was repeatedly struck in the head with a firearm. Accordingly, one of the individual defendants was the person who repeatedly struck plaintiff in the head with a firearm causing severe injuries.

## **JURISDICTION**

3. With regard to the defendants who were employed by the United States federal government on January 27, 2016, this is a civil action brought pursuant to *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics*, 403 U.S. 388 (1971) for violation of plaintiff's right pursuant to the Fourth Amendment to the United States Constitution to be free from an unreasonable seizure. Thus, the Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 2201.

4. With regard to those defendants who were members of the New York City Police Department, jurisdiction is founded on the existence of a federal question, United States Code, Title 28, § 1331, as the action arises, in part, under the Fourth Amendment to the Constitution of the United States and United States Code, Title 42, § 1983, as hereinafter more fully appears. Additionally, as to defendant CITY, jurisdiction is also founded in part on United States Code, Title 28, §§ 1343 and 1367.

5. By this action plaintiff seeks to recover monetary damages and attorneys fees.

## PARTIES

6. Plaintiff is a natural person who resides in the County of New York, State of New York.

7. At all times mentioned hereafter, defendant DENNIS BUSTOS ("BUSTOS") was an employee of Immigration and Customs Enforcement and Removal Operations, and was acting within the scope of his employment and under color of federal law.

8. At all times mentioned hereafter, defendant RICHARD BROWN ("BROWN") was an employee of Immigration and Customs Enforcement and Removal Operations, and was acting within the scope of his employment and under color of federal law.

9. At all times mentioned hereafter, defendant ROBERT STRELL ("STRELL") was an employee of the Drug Enforcement Administration, and was acting within the scope of his employment and under color of federal law.

10. At all times mentioned hereafter, defendant JOHN SPROULE ("SPROULE") was an employee of the Drug Enforcement Administration, and was acting within the scope of his employment and under color of federal law.

11. At all times mentioned hereafter, defendant WILLIAM GEIMANO ("GEIMANO") was an employee of Homeland Security Investigations, and was acting within the scope of his employment and under color of federal law.

12. At all times mentioned hereafter, defendant SEAN BREW ("BREW") was an employee of Homeland Security Investigations, and was acting within the scope of his employment and under color of federal law.

13. At all times mentioned hereafter, defendant FRANK HERNANDEZ

("HERNANDEZ") was an employee of Homeland Security Investigations, and was acting within the scope of his employment and under color of federal law.

14. Defendant, CITY was and is a municipal corporation organized and existing under and by virtue of the laws of the State of New York.

15. At all times mentioned hereafter, defendant FRANK FELICIANO ("FELICIANO") was a member of the New York City Police Department, employed by defendant CITY, and was acting within the scope of his employment and under color of state law.

16. At all times mentioned hereafter, defendant FERNANDO GUIMARAES ("GUIMARAES") was a member of the New York City Police Department, employed by defendant CITY, and was acting within the scope of his employment and under color of state law.

17. At all times mentioned hereafter, defendant NELSON PABON ("PABON") was a member of the New York City Police Department, employed by defendant CITY, and was acting within the scope of his employment and under color of state law.

18. At all times mentioned hereafter, defendant WILLIAM LOGAN ("LOGAN") was a member of the New York City Police Department, employed by defendant CITY, and was acting within the scope of his employment and under color of state law.

19. On or about April 21, 2016, before the commencement of this action, a Notice of Claim on behalf of SOSA was served in writing sworn to by or on behalf of the claimant by delivering same by personal service upon defendant CITY, which said Notice of Claim set forth the name and post office address of claimant and claimant's attorneys, the notice of claim, the time when, the place where, and the manner in which the claim arose, and the items of damages or injuries claimed to have been sustained as far as then practicable.

20. Said Notice of Claim was presented and delivered to defendant CITY within ninety (90) days after the claims herein sued upon arose and before the commencement of this action.

21. On July 15, 2016, SOSA was examined by defendant CITY at a hearing conducted pursuant to section 50h of the Municipal Law of the State of New York.

22. This action was commenced within one year after such cause of action arose and more than thirty (30) days have elapsed since the service of this claim or such claim was presented, and defendant CITY has failed and/or refused to make an adjustment or payment of said claim.

## AS AND FOR A FIRST CAUSE OF ACTION
## AGAINST DEFENDANT BUSTOS PURSUANT TO *BIVENS*

23. Plaintiff repeats and reiterates the allegations contained in paragraphs 1 through 22.

24. On or about January 27, 2016, at approximately 4:00 p.m., defendant BUSTOS, in effecting the seizure of plaintiff, repeatedly struck plaintiff in the head with a firearm.

25. Defendant BUSTOS acted unreasonably and without cause in repeatedly striking plaintiff in the head with a firearm.

26. Defendant BUSTOS' actions in repeatedly striking plaintiff in the head with a firearm were in violation of plaintiff's right, pursuant to the Fourth Amendment to the United States Constitution, to be free from an unreasonable seizure.

27. As a result of defendant BUSTOS' actions in repeatedly striking plaintiff in the head with a firearm, plaintiff sustained a fractured skull and other serious physical and emotional injuries.

28. Defendant BUSTOS was acting under color of federal law.

29. As a result, plaintiff has been damaged in the sum of Five Million ($5,000,000)

dollars.

## AS AND FOR A SECOND CAUSE OF ACTION
## AGAINST DEFENDANT BROWN PURSUANT TO *BIVENS*

30. Plaintiff repeats and reiterates the allegations contained in paragraphs 1 through 22.

31. On or about January 27, 2016, at approximately 4:00 p.m., defendant BROWN, in effecting the seizure of plaintiff, repeatedly struck plaintiff in the head with a firearm.

32. Defendant BROWN acted unreasonably and without cause in repeatedly striking plaintiff in the head with a firearm.

33. Defendant BROWN's actions in repeatedly striking plaintiff in the head with a firearm were in violation of plaintiff's right, pursuant to the Fourth Amendment to the United States Constitution, to be free from an unreasonable seizure.

34. As a result of defendant BROWN's actions in repeatedly striking plaintiff in the head with a firearm, plaintiff sustained a fractured skull and other serious physical and emotional injuries.

35. Defendant BROWN was acting under color of federal law.

36. As a result, plaintiff has been damaged in the sum of Five Million ($5,000,000) dollars.

## AS AND FOR A THIRD CAUSE OF ACTION
## AGAINST DEFENDANT STRELL PURSUANT TO *BIVENS*

37. Plaintiff repeats and reiterates the allegations contained in paragraphs 1 through 22.

38. On or about January 27, 2016, at approximately 4:00 p.m., defendant STRELL, in effecting the seizure of plaintiff, repeatedly struck plaintiff in the head with a firearm.

39. Defendant STRELL acted unreasonably and without cause in repeatedly striking

plaintiff in the head with a firearm.

40. Defendant STRELL's actions in repeatedly striking plaintiff in the head with a firearm were in violation of plaintiff's right, pursuant to the Fourth Amendment to the United States Constitution, to be free from an unreasonable seizure.

41. As a result of defendant STRELL's actions in repeatedly striking plaintiff in the head with a firearm, plaintiff sustained a fractured skull and other serious physical and emotional injuries.

42. Defendant STRELL was acting under color of federal law.

43. As a result, plaintiff has been damaged in the sum of Five Million ($5,000,000) dollars.

## AS AND FOR A FOURTH CAUSE OF ACTION
## AGAINST DEFENDANT SPROULE PURSUANT TO *BIVENS*

44. Plaintiff repeats and reiterates the allegations contained in paragraphs 1 through 22.

45. On or about January 27, 2016, at approximately 4:00 p.m., defendant SPROULE, in effecting the seizure of plaintiff, repeatedly struck plaintiff in the head with a firearm.

46. Defendant SPROULE acted unreasonably and without cause in repeatedly striking plaintiff in the head with a firearm.

47. Defendant SPROULE's actions in repeatedly striking plaintiff in the head with a firearm were in violation of plaintiff's right, pursuant to the Fourth Amendment to the United States Constitution, to be free from an unreasonable seizure.

48. As a result of defendant SPROULE's actions in repeatedly striking plaintiff in the head with a firearm, plaintiff sustained a fractured skull and other serious physical and emotional injuries.

49. Defendant SPROULE was acting under color of federal law.

50. As a result, plaintiff has been damaged in the sum of Five Million ($5,000,000) dollars.

## AS AND FOR A FIFTH CAUSE OF ACTION
## AGAINST DEFENDANT GEIMANO PURSUANT TO *BIVENS*

51. Plaintiff repeats and reiterates the allegations contained in paragraphs 1 through 22.

52. On or about January 27, 2016, at approximately 4:00 p.m., defendant GEIMANO, in effecting the seizure of plaintiff, repeatedly struck plaintiff in the head with a firearm.

53. Defendant GEIMANO acted unreasonably and without cause in repeatedly striking plaintiff in the head with a firearm.

54. Defendant GEIMANO's actions in repeatedly striking plaintiff in the head with a firearm were in violation of plaintiff's right, pursuant to the Fourth Amendment to the United States Constitution, to be free from an unreasonable seizure.

55. As a result of defendant GEIMANO's actions in repeatedly striking plaintiff in the head with a firearm, plaintiff sustained a fractured skull and other serious physical and emotional injuries.

56. Defendant GEIMANO was acting under color of federal law.

57. As a result, plaintiff has been damaged in the sum of Five Million ($5,000,000) dollars.

## AS AND FOR A SIXTH CAUSE OF ACTION
## AGAINST DEFENDANT BREW PURSUANT TO *BIVENS*

58. Plaintiff repeats and reiterates the allegations contained in paragraphs 1 through 22.

59. On or about January 27, 2016, at approximately 4:00 p.m., defendant BREW, in

effecting the seizure of plaintiff, repeatedly struck plaintiff in the head with a firearm.

60. Defendant BREW acted unreasonably and without cause in repeatedly striking plaintiff in the head with a firearm.

61. Defendant BREW's actions in repeatedly striking plaintiff in the head with a firearm were in violation of plaintiff's right, pursuant to the Fourth Amendment to the United States Constitution, to be free from an unreasonable seizure.

62. As a result of defendant BREW's actions in repeatedly striking plaintiff in the head with a firearm, plaintiff sustained a fractured skull and other serious physical and emotional injuries.

63. Defendant BREW was acting under color of federal law.

64. As a result, plaintiff has been damaged in the sum of Five Million ($5,000,000) dollars.

### AS AND FOR A SEVENTH CAUSE OF ACTION AGAINST DEFENDANT HERNANDEZ PURSUANT TO *BIVENS*

65. Plaintiff repeats and reiterates the allegations contained in paragraphs 1 through 22.

66. On or about January 27, 2016, at approximately 4:00 p.m., defendant HERNANDEZ, in effecting the seizure of plaintiff, repeatedly struck plaintiff in the head with a firearm.

67. Defendant HERNANDEZ acted unreasonably and without cause in repeatedly striking plaintiff in the head with a firearm.

68. Defendant HERNANDEZ's actions in repeatedly striking plaintiff in the head with a firearm were in violation of plaintiff's right, pursuant to the Fourth Amendment to the United States Constitution, to be free from an unreasonable seizure.

69. As a result of defendant HERNANDEZ's actions in repeatedly striking plaintiff in

the head with a firearm, plaintiff sustained a fractured skull and other serious physical and emotional injuries.

70. Defendant HERNANDEZ was acting under color of federal law.

71. As a result, plaintiff has been damaged in the sum of Five Million ($5,000,000) dollars.

## AS AND FOR A EIGHTH CAUSE OF ACTION
## CIVIL RIGHTS PURSUANT TO THE FOURTH AMENDMENT
## AGAINST DEFENDANT FELICIANO
### (EXCESSIVE FORCE)

72. Plaintiff repeats and reiterates the allegations contained in paragraphs 1 through 22.

73. On or about January 27, 2016, at approximately 4:00 p.m., defendant FELICIANO, in effecting the seizure of plaintiff, repeatedly struck plaintiff in the head with a firearm.

74. Defendant FELICIANO acted unreasonably and without cause in repeatedly striking plaintiff in the head with a firearm.

75. Defendant FELICIANO's actions in repeatedly striking plaintiff in the head with a firearm were in violation of plaintiff's right, pursuant to the Fourth Amendment to the United States Constitution, to be free from an unreasonable seizure.

76. Defendant FELICIANO was acting under color of state law.

77. As a result of defendant FELICIANO's conduct, defendant FELICIANO violated SOSA's civil rights and is liable to plaintiff pursuant to 42 U.S.C. §1983.

78. As a result, SOSA suffered physical and emotional injuries.

79. As a result thereof, SOSA has been damaged in the sum of Five Million dollars ($5,000,000).

## AS AND FOR A NINTH CAUSE OF ACTION
## CIVIL RIGHTS PURSUANT TO THE FOURTH AMENDMENT
## AGAINST DEFENDANT GUIMARAES
### (EXCESSIVE FORCE)

80. Plaintiff repeats and reiterates the allegations contained in paragraphs 1 through 22.

81. On or about January 27, 2016, at approximately 4:00 p.m., defendant GUIMARAES, in effecting the seizure of plaintiff, repeatedly struck plaintiff in the head with a firearm.

82. Defendant GUIMARAES acted unreasonably and without cause in repeatedly striking plaintiff in the head with a firearm.

83. Defendant GUIMARAES' actions in repeatedly striking plaintiff in the head with a firearm were in violation of plaintiff's right, pursuant to the Fourth Amendment to the United States Constitution, to be free from an unreasonable seizure.

84. Defendant GUIMARAES was acting under color of state law.

85. As a result of defendant GUIMARAES' conduct, defendant GUIMARAES violated SOSA's civil rights and is liable to plaintiff pursuant to 42 U.S.C. §1983.

86. As a result, SOSA suffered physical and emotional injuries.

87. As a result thereof, SOSA has been damaged in the sum of Five Million dollars ($5,000,000).

## AS AND FOR A TENTH CAUSE OF ACTION
## CIVIL RIGHTS PURSUANT TO THE FOURTH AMENDMENT
## AGAINST DEFENDANT PABON
### (EXCESSIVE FORCE)

88. Plaintiff repeats and reiterates the allegations contained in paragraphs 1 through 22.

89. On or about January 27, 2016, at approximately 4:00 p.m., defendant PABON, in effecting the seizure of plaintiff, repeatedly struck plaintiff in the head with a firearm.

90. Defendant PABON acted unreasonably and without cause in repeatedly striking plaintiff in the head with a firearm.

91. Defendant PABON's actions in repeatedly striking plaintiff in the head with a firearm were in violation of plaintiff's right, pursuant to the Fourth Amendment to the United States Constitution, to be free from an unreasonable seizure.

92. Defendant PABON was acting under color of state law.

93. As a result of defendant PABON's conduct, defendant PABON violated SOSA's civil rights and is liable to plaintiff pursuant to 42 U.S.C. §1983.

94. As a result, SOSA suffered physical and emotional injuries.

95. As a result thereof, SOSA has been damaged in the sum of Five Million dollars ($5,000,000).

## AS AND FOR A ELEVENTH CAUSE OF ACTION
## CIVIL RIGHTS PURSUANT TO THE FOURTH AMENDMENT
## AGAINST DEFENDANT LOGAN
### (EXCESSIVE FORCE)

96. Plaintiff repeats and reiterates the allegations contained in paragraphs 1 through 22.

97. On or about January 27, 2016, at approximately 4:00 p.m., defendant LOGAN, in effecting the seizure of plaintiff, repeatedly struck plaintiff in the head with a firearm.

98. Defendant LOGAN acted unreasonably and without cause in repeatedly striking plaintiff in the head with a firearm.

99. Defendant LOGAN's actions in repeatedly striking plaintiff in the head with a firearm were in violation of plaintiff's right, pursuant to the Fourth Amendment to the United States Constitution, to be free from an unreasonable seizure.

100. Defendant LOGAN was acting under color of state law.

101. As a result of defendant LOGAN's conduct, defendant LOGAN violated SOSA's civil rights and is liable to plaintiff pursuant to 42 U.S.C. §1983.

102. As a result, SOSA suffered physical and emotional injuries.

103. As a result thereof, SOSA has been damaged in the sum of Five Million dollars ($5,000,000).

## PENDENT STATE CLAIMS

### AS AND FOR A TWELFTH CAUSE OF ACTION
### AGAINST DEFENDANTS CITY AND FELICIANO
### (ASSAULT)

104. Plaintiff repeats and reiterates the allegations contained in paragraphs 1 through 22.

105. Defendants CITY and FELICIANO's conduct in repeatedly striking SOSA over the head with a firearm was done with the intent of placing SOSA in fear of imminent harmful and offensive contact and did in fact place SOSA in fear of imminent harmful and offensive conduct.

106. As a result, SOSA suffered physical and mental injuries.

107. As a result thereof, SOSA has been damaged in the sum of Five Million dollars ($5,000,000).

### AS AND FOR A THIRTEENTH CAUSE OF ACTION
### AGAINST DEFENDANTS CITY AND GUIMARAES
### (ASSAULT)

108. Plaintiff repeats and reiterates the allegations contained in paragraphs 1 through 22.

109. Defendants CITY and GUIMARAES' conduct in repeatedly striking SOSA over the head with a firearm was done with the intent of placing SOSA in fear of imminent harmful and offensive contact and did in fact place SOSA in fear of imminent harmful and offensive conduct.

110. As a result, SOSA suffered physical and mental injuries.

111. As a result thereof, SOSA has been damaged in the sum of Five Million dollars ($5,000,000).

### AS AND FOR A FOURTEENTH CAUSE OF ACTION
### AGAINST DEFENDANTS CITY AND PABON
### (ASSAULT)

112. Plaintiff repeats and reiterates the allegations contained in paragraphs 1 through 22.

113. Defendants CITY and PABON's conduct in repeatedly striking SOSA over the head with a firearm was done with the intent of placing SOSA in fear of imminent harmful and offensive contact and did in fact place SOSA in fear of imminent harmful and offensive conduct.

114. As a result, SOSA suffered physical and mental injuries.

115. As a result thereof, SOSA has been damaged in the sum of Five Million dollars ($5,000,000).

### AS AND FOR A FIFTEENTH CAUSE OF ACTION
### AGAINST DEFENDANTS CITY AND LOGAN
### (ASSAULT)

116. Plaintiff repeats and reiterates the allegations contained in paragraphs 1 through 22.

117. Defendants CITY and defendant LOGAN's conduct in repeatedly striking SOSA over the head with a firearm was done with the intent of placing SOSA in fear of imminent harmful and offensive contact and did in fact place SOSA in fear of imminent harmful and offensive conduct.

118. As a result, SOSA suffered physical and mental injuries.

119. As a result thereof, SOSA has been damaged in the sum of Five Million dollars ($5,000,000).

## AS AND FOR A SIXTEENTH CAUSE OF ACTION
## AGAINST DEFENDANTS CITY AND FELICIANO
### (BATTERY)

120. Plaintiff repeats and reiterates the allegations contained in paragraphs 1 through 22.

121. Defendants CITY and defendant FELICIANO's conduct in repeatedly striking SOSA over the head with a firearm was intentional.

122. Such conduct by defendants CITY and FELICIANO towards plaintiff constituted offensive bodily contact.

123. Plaintiff did not consent to the intentional touching of his body.

124. As a result, SOSA suffered physical and mental injuries.

125. As a result thereof, SOSA has been damaged in the sum of Five Million dollars ($5,000,000).

## AS AND FOR A SEVENTEENTH CAUSE OF ACTION
## AGAINST DEFENDANTS CITY AND GUIMARAES
### (BATTERY)

126. Plaintiff repeats and reiterates the allegations contained in paragraphs 1 through 22.

127. Defendants CITY and GUIMARAES' conduct in repeatedly striking SOSA over the head with a firearm was intentional.

128. Such conduct by defendants CITY and GUIMARAES towards plaintiff constituted offensive bodily contact.

129. Plaintiff did not consent to the intentional touching of his body.

130. As a result, SOSA suffered physical and mental injuries.

131. As a result thereof, SOSA has been damaged in the sum of Five Million dollars ($5,000,000).

## AS AND FOR A EIGHTEENTH CAUSE OF ACTION
## AGAINST DEFENDANTS CITY AND PABON
### (BATTERY)

132. Plaintiff repeats and reiterates the allegations contained in paragraphs 1 through 22.

133. Defendants CITY and PABON's conduct in repeatedly striking SOSA over the head with a firearm was intentional.

134. Such conduct by defendants CITY and PABON towards plaintiff constituted offensive bodily contact.

135. Plaintiff did not consent to the intentional touching of his body.

136. As a result, SOSA suffered physical and mental injuries.

137. As a result thereof, SOSA has been damaged in the sum of Five Million dollars ($5,000,000).

## AS AND FOR A NINETEENTH CAUSE OF ACTION
## AGAINST DEFENDANTS CITY AND LOGAN
### (BATTERY)

138. Plaintiff repeats and reiterates the allegations contained in paragraphs 1 through 22.

139. Defendants CITY and LOGAN's conduct in repeatedly striking SOSA over the head with a firearm was intentional.

140. Such conduct by defendants CITY and LOGAN towards plaintiff constituted offensive bodily contact.

141. Plaintiff did not consent to the intentional touching of his body.

142. As a result, SOSA suffered physical and mental injuries.

143. As a result thereof, SOSA has been damaged in the sum of Five Million dollars ($5,000,000).

WHEREFORE, plaintiff GEURYS SOSA demands judgment against defendants DENNIS BUSTOS, RICHARD BROWN, ROBERT STRELL, JOHN SPROULE, WILLIAM GEIMANO, SEAN BREW, FRANK HERNANDEZ, FRANK FELICIANO, FERNANDO GUIMARAES, NELSON PABON, WILLIAM LOGAN, and CITY OF NEW YORK, in the sum of five million dollars ($5,000,000) for each cause of action alleged, together with the costs and disbursements of this action, including attorneys fees.

Dated: New York, New York
      June 24, 2019

                                      Yours, etc.

                                      **SIEGLE & SIMS L.L.P.**

By: _____
                                    Jonathan D. Sims (JS8472)
                                    Attorneys for Plaintiff
                                    GEURYS SOSA
                                    217 Broadway - Suite 611
                                    New York, NY 10007
                                    Tel: (212) 406-0110
                                    Fax: (212) 406-5259
                                    E-mail: j.sims@siegleandsims.com